NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

July 27, 2021

*Before*

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 20-1437

| | |
|---|---|
| JEFFREY B. CUTCHIN, as Personal Representative of the Estates of Claudine D. Cutchin and Adélaide E. Cutchin,<br><br>　　　*Plaintiff-Appellant*,<br><br>　　　*v.*<br><br>AMY L. BEARD, Commissioner of the Indiana Department of Insurance, Administrator of the Indiana Patient's Compensation Fund,<br>　　　*Defendant-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division.<br><br>No. 3:18-cv-00028-TWP-MPB<br><br>Tanya Walton Pratt,<br>*Chief Judge*. |

**O R D E R**

This case returns to us after the Indiana Supreme Court answered one of the two questions we certified to that Court in our decision of February 3, 2021. *See Cutchin v. Robertson*, 986 F.3d 1012 (7th Cir. 2021). We now remand the case to the district court for purposes of approving a settlement agreement between the parties.

This is a third-party suit for medical malpractice filed under the Indiana Medical Malpractice Act (the "Act"). Claudine and Adélaïde Cutchin, the wife and daughter of plaintiff-appellant Jeffrey Cutchin, died as the result of an automobile accident in which a car driven by Sylvia Watson ran a red light and struck their car. Immediately prior to the collision, Watson, who was unable to move her foot from her car's accelerator to the brake, remarked that she could not stop the car. A post-accident blood test revealed there were opiates in Watson's system. For a number of years prior to the accident, Watson (who also died as a result of injuries she sustained in the collision) had been in the medical care of the "Physician" at the "Clinic," and she had been prescribed some eight different medications, including an opioid and a muscle relaxer. Cutchin alleges that the Physician breached the duty of care owed to Watson by, *inter alia*, failing to warn her of the danger of operating a motor vehicle while she was under the influence of the medications prescribed to her and by failing to monitor Watson for any cognitive impairment caused by these medications. Cutchin alleged that the Physician's negligence in these respects foreseeably resulted in the wrongful deaths of his wife and daughter.

After Cutchin reached a settlement with the Physician and the Clinic at the upper limit of individual provider liability specified by the Act—$250,000—Cutchin then sought excess damages from the Indiana Patient's Compensation Fund (the "Fund"). The state insurance commissioner, who administers the Fund and was granted leave to intervene in the suit (the "commissioner"), moved for summary judgment, arguing that the Act does not apply to Cutchin's claim. The commissioner reasoned that because Cutchin's wife and daughter did not receive medical care from a qualified health-care provider and thus did not qualify as "patients" under the Act, their representative was not authorized to pursue a claim for medical malpractice pursuant to the Act and to seek damages from the Fund. The district court agreed and granted summary judgment in favor of the commissioner. *Cutchin v. Ind. Dep't of Ins.*, 446 F. Supp. 3d 413 (S.D. Ind. 2020).

On appeal from the judgment, this Court certified two questions to the Indiana Supreme Court, the second of which inquired "[w]hether Indiana's Medical Malpractice Act applies to claims brought against qualified providers for individuals who did not receive medical care from the provider, but who are injured as a result of the provider's negligence in providing medical treatment to someone else." 986 F.3d at 1029.

The Indiana Supreme Court accepted the certified questions and, following briefing and argument, answered the second question in the affirmative, in an opinion issued on June 30, 2021. *Cutchin v. Beard*, No. 21S-CQ-48, —N.E.3d— (Ind. June 30,

2021). That holding makes clear that Cutchin's settlement with the Physician and the Clinic at the upper limit of their individual liability as providers implicates the Fund's liability as the excess insurer under the Act. *See Cutchin*, 986 F.3d at 1016.

Pursuant to Circuit Rule 52(b), both parties have filed position statements in the wake of the Indiana Supreme Court's ruling. The commissioner's later-filed statement reports that the parties have now conferred and arrived at a settlement of the case.

In view of the Indiana Supreme Court's decision and the reported settlement, we now REVERSE the summary judgment entered in the commissioner's favor and REMAND the case to the district court for purposes of approving a settlement agreement pursuant to Ind. Code § 34-18-6-5 and for such other proceedings as may be consistent with the terms of the Act as clarified by the Indiana Supreme Court's decision in this case.